RYDER, Judge.
Following a nonjury trial, the trial court awarded appellants $55,000.00 in compensatory damages (against appellee Barber Industries), refused to award punitive damages, and ordered that appellants take nothing from the appellees Alan Barber and Ruth Barber. Appellants assert error in the trial court’s failure to award punitive damages and additional compensatory damages. We affirm in part, reverse in part, and remand.
In March 1975, Barber Industries, as lessor, entered into a lease agreement with the United States Navy for seventeen relocatable concrete structures. The rental price for all the structures was $39,000.00 per year. The lease contract provided the Navy with a purchase option exercisable upon six months prior notice.
In April 1975, Barber Industries gave a security interest in all accounts receivable, including the Navy contract, to the Bank of Pasco County. This security interest was given as part of a Small Business Administration (SBA) loan. Alan Barber and Ruth Barber signed the security agreement as officers of Barber Industries.
Barber Industries sold the concrete structures to appellant New Plan in May 1975. Subsequently, an assignment of rights in the Navy contract was given to New Plan, including a warranty that there had been *229 no other assignment or encumbrance of the rights under the Navy contract.
In May 1977, Barber Industries waived the six-month notice of intent to purchase requirement and sold the structures to the Navy for $96,274.00. Barber Industries certified that the structures were free and clear of all encumbrances.
Barber Industries filed notice of commencement of bankruptcy (Chapter 11) proceedings in May 1979. Appellants did not become involved in the bankruptcy proceedings. The SBA received the $96,274.00 purchase price for the structures through the bankruptcy proceedings.
After the nonjury trial, the trial court found the value of the concrete structures to be $151,000.00. The court awarded $55,-000.00 in compensatory damages to the appellants, this being the approximate difference between the value of the structures and their sale price to the Navy. The court did not award punitive damages and made no award for lost rental based on the appel-lees’ waiver of the six-month notice requirement.
Appellants have argued to this court that the award of $55,000.00 was insufficient as the structures were wrongfully sold to the Navy by the appellees for $96,274.00, and the structures were worth $151,000.00. As the SBA and not the appellants received the $96,274.00 from the Navy, the appellants contend that the appellees should pay this amount, in addition to the $55,000.00 award, to the appellants. Additionally, the appellants claim that they should be awarded lost rental in the amount of $19,500.00 because of the appellees’ wrongful waiver of the six-month notice requirement.
In our view, the record supports the trial court’s award of $55,000.00 in compensatory damages rather than an award of the full value of the concrete structures. The difference involved, some $96,000.00, has been paid by the Navy to the SBA pursuant to the bankruptcy proceedings of Barber Industries. Appellants were notified of the bankruptcy proceedings, but were not listed as creditors of Barber Industries. Testimony indicated that appellants chose not to become involved in the bankruptcy proceedings. The $96,274.00 appear to have been properly paid to the SBA: the SBA had a security interest in the proceeds of the Navy/Barber Industries contract. The appellants have not shown that the SBA improperly received the $96,-274.00.
Appellants’ argument for lost rental, however, is well taken. Barber Industries was without the authority to waive the requirement that the Navy give six months notice of its intent to exercise the option to purchase the concrete structures. Six months rental was valued at $19,500.00. As appellants had the right to receive the six months notice and’ rental for those six months, and Barber Industries wrongfully waived notice (and thus the rental payment), the trial court erred in not awarding appellants $19,500.00 in damages. We hold that Barber Industries is liable to appellants for this amount.
The other points raised are without merit. The trial court did not err in refusing to award a judgment to appellants on the claim of fraud. As finder of fact in this nonjury trial, the trial court could have properly concluded that appellants had notice of the SBA security interest in the Navy contract and thus were not fraudulently induced into purchasing the concrete structures and the rights in the Navy contract. There was no error in the court’s refusal to award punitive damages.
AFFIRMED in part, REVERSED in part, and REMANDED with directions that additional compensatory damages be awarded to appellants, against appellee Barber Industries, in the amount of $19,-500.00.
SCHEB, A.C.J., and DANAHY, J., concur.